(No. 38147.—

THE PEOPLE *ex rel.* Norman H. Nachman *et al.,* Petitioners, *vs.* CHARLES F. CARPENTIER, Secretary of State, Respondent.

*Opinion filed March 18, 1964.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (HOWARD ELLIS, DON H. REUBEN, WILLIAM B. FISCH, ELSIE C. SPEARS, and JACK S. LEVIN, of counsel,) for petitioners.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES and RAYMOND S. SARNOW, Assistant Attorneys General, of counsel,) for respondent.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On September 25, 1963, this court granted leave to petitioners, members of the Illinois bar, to file an original petition for *mandamus* against the Secretary of State. The petition attacks the validity of statutory provisions concerning the nomination of candidates for judicial office. It recites that the Secretary has directed his employees to proceed in accordance with the terms of the act, and it prays that he be commanded to withdraw the directive. A motion

by respondent to dismiss the petition has raised the issue of validity.

The provisions in question were enacted as part of House Bill No. 275, approved August 9, 1963, and appear as section 5.5 of article 9 of the Election Code (Ill. Rev. Stat. 1963, chap. 46, par. 9—5.5). That section seeks to prevent a sitting judge from retaining his existing judgeship while running for a different one. It was passed, presumably, because the judicial article of the constitution does not provide for interim appointments, and unless the office currently held were vacated in time for the nomination of other candidates at the forthcoming election it would remain vacant until the next general election, in case the incumbent were elected to the other office.

The section reads as follows: "(1) Any judge who has on file a declaration to seek retention in office and who, after filing such declaration accepts nomination as a candidate for a judicial office different from the one he holds, shall * * * file in the office of the Secretary of State a written withdrawal of his declaration of intention to seek retention in office. Failure to file such withdrawal * * * shall disqualify such judge from being the nominee of any such convention. (2) Any judge who does not have on file a declaration to seek retention in office at the time he receives nomination to a judicial office different than the one he holds shall be deemed to have resigned his office upon acceptance of such nomination but shall continue in his office until his successor qualifies for office."

The petitioners contend that since the constitution is comprehensive and largely self-executing in setting forth judicial qualifications, selection, terms of office and so on, it has pre-empted the field and that the legislature can act with reference thereto only where explicitly authorized by the constitution. Petitioners point out that by express provision of article VI the legislature (with the approval of the electorate) is permitted to provide for a different

method of selection and tenure, it may fix a judicial retirement age, and it may determine whether judicial nomination shall be by primary or by convention. It is then urged that since there are no other grants of authority no others may be exercised.

Specifically, the contention is that the statute unlawfully attempts to supplement section 15 of article VI, which prescribes the qualifications for the office of judge, and section 10, which states when the office of any judge shall be deemed vacant, and that it shortens the term of office prescribed by section 14, attempts to abridge the right guaranteed by section 11 to seek retention in office, and changes the "selection and tenure" of a judge without the referendum required for such change by section 10. It is also contended that the statute violates the separation-of-powers provision which prohibits each of the three departments of government from exercising control over another.

The rule has become well established that where the office of judge is a constitutional one the General Assembly has no power to prescribe the manner of selection or election of the judge unless authorized by article VI. (*People ex rel. Gregg* v. *Tauchen,* 415 Ill. 91, 97-98; *Franklin* v. *Westfall,* 273 Ill. 402). Section 11 of article VI says that "any judge previously elected may file in the office of the Secretary of State a declaration of candidacy to succeed himself, * * *." Section 15 declares that "No person shall be eligible for the office of judge unless he shall be a citizen and licensed attorney-at-law of this State, and a resident of the judicial district, circuit, county or unit from which selected." The article contains other provisions relating to the nomination and election of judges, and designates a number of matters for which the General Assembly may provide by law. But nowhere does it contain or authorize provisions of the kind in question here. Nothing is said about a sitting judge seeking other judicial office or his right, pending the outcome, to retain his current one. Nor

do provisions appear which could fairly be said to embrace a legislative authority to provide for such cases.

It must follow that the present statute is without warrant under the constitution. In *People ex rel. Hoyne* v. *McCormick*, 261 Ill. 413, a statute prescribed a period of five years' residence in the county as a qualification for membership on the board of commissioners of Cook County. The constitution (art. VII, sec. 6) provided that no person shall be elected to office who "shall not have resided in this state one year next preceding the election." It was held that the legislature lacked power to impose the additional requirement. We observed that "when the constitution undertakes to prescribe qualifications for office its declaration is conclusive of the whole matter, whether in affirmative or in negative form. Eligibility to office belongs to all persons. In our constitution no other form of stating eligibility to office is found than the declaration that no person shall be eligible who does not possess certain qualifications. The constitution of the United States is in the same form in this particular, and so are the constitutions of other States. The expression of the disabilities specified excludes others. The declaration in the constitution that certain persons are not eligible to office implies that all other persons are eligible."

We think that upon similar reasoning the requirement in the case at bar must likewise fall. The constitutional provisions are conclusive on the entire subject. The legislature may not impose the condition in question upon the constitutionally unqualified right of a previously elected judge to seek retention of his office.

Since the statute under which the directive is sought to be justified is invaild, and since the latter is otherwise without warant, the writ of *mandamus* will be awarded.

*Writ awarded.*