(No. 66389.—

DAVID C. THIES, Appellee, v. THE STATE BOARD OF ELECTIONS, Appellant.

*Opinion filed September 22, 1988.*

Neil F. Hartigan, Attorney General, of Springfield (A. L. Zimmer, Special Assistant Attorney General, of Chicago, of counsel), for appellant.

Richard L. Thies and David C. Thies, of Webber & Thies, P.C., of Urbana, for appellee.

Thomas J. Difanis, State's Attorney, of Urbana (Trisha Crowley, Assistant State's Attorney, of counsel), for *amicus curiae* County Board of Champaign County.

JUSTICE RYAN delivered the opinion of the court:

The plaintiff, David C. Thies, brought this action in the circuit court of Champaign County seeking a declaration that recent statutory amendments relating to the circuit courts are unconstitutional. Public Act 85—866, as amended by Public Act 85—903, *inter alia*, created a new circuit judgeship for the sixth judicial circuit. (See Ill. Rev. Stat. 1987, ch. 37, par. 72.2c(2).) The legislation provided that the candidate for this position must be a resident of Champaign County, but nevertheless must run for the office throughout the entire sixth circuit. The sixth judicial circuit is comprised of Champaign, De Witt, Douglas, Macon, Moultrie and Piatt Counties. The sole issue in this case is whether the Illinois Constitution permits the creation by the legislature of a circuit judgeship where the candidate has to be a resident of a particular county but must run for the office throughout the entire circuit. The circuit court of Champaign County concluded that it does not and declared section 2c(2) of Public Act 85—866 and section 2c(2) of Public Act 85—903 (Ill. Rev. Stat. 1987, ch. 37, par. 72.2c(2)) unconstitutional. A direct appeal to this court was taken pursuant to Rule 302(a)(1) (107 Ill. 2d R. 302(a)(1)). We affirm the circuit court.

The trial court held that sections 2c(2) of Public Act 85—866 and 2c(2) of Public Act 85—903 are unconstitutional because they violated article VI, section 7(a), of the Illinois Constitution of 1970. The trial court concluded that article VI, section 7(a), of the Illinois Constitution prohibits the election of circuit judges in the manner established by Public Acts 85—866 and 85—903. Article VI, section 7(a), provides:

> "The State shall be divided into Judicial Circuits consisting of one or more counties. The First Judicial District shall constitute a Judicial Circuit. The Judicial Circuits within other Judicial Districts shall be provided by law. Circuits composed of more than one county shall be compact and of contiguous counties. *The General Assembly by law may provide for the division of a circuit for the purpose of selection of Circuit Judges and for the selection of Circuit Judges from the circuit at large.*" (Emphasis added.) (Ill. Const. 1970, art. VI, §7(a).)

Prior to Public Act 85—866, circuit judges in Illinois had been elected for office in one of two ways: circuit judgeships had been either at-large positions—candidates elected by the voters of the entire circuit had to be residents of the circuit—or resident positions—candidates elected only by a county or division of the circuit were required to be residents of that county or division. Thus, the issue is whether, under the Constitution, the legislature may create a position which requires a judge to be a resident of one county and yet be elected from the circuit at large.

The trial court relied on the Record of Proceedings of the constitutional convention in concluding that Public Act 85—866, as amended by Public Act 85—903, violated article VI, section 7(a). During debate, the following exchange occurred:

> "MR. LEWIS: Well, that's what I was wondering. It looks like it is possible that the legislature could then conclude that there would have to be somebody running

from Brown County, but that that election would be at large and no one else from any other county could oppose a Brown County man.

MR. FAY: No, I don't think so. I think it would be an election within Brown County.

MR. LEWIS: It is your intention, at least, that it would be that way?

MR. FAY: I think so. Is that right, Wayne?

MR. WHALEN: I guess.

MR. FAY: I might ask Professor Cohn back there. Did you catch this—the implication on this, professor?

PROFESSOR COHN: Yes, I believe the answer to the question is, Mr. Lewis, that this tries to express the principle that the legislature shall or may make a determination that each circuit shall have so many circuit judges who will have to run from the circuit at large. They may also provide for a division of a circuit, whether it be a county within the circuit or a part of a county within a circuit, and provide that circuit judges shall be elected or selected from that division. And it is not intended that in this latter circumstance that those persons who are required to be selected from a county or from a division of a circuit shall be required to run at large in the circuit.'' (3 Record of Proceedings, Sixth Illinois Constitutional Convention 2280 (hereinafter cited as Proceedings).)

The trial court held that the language of the last sentence of article VI, section 7(a), quoted above could be read in the disjunctive; thus, the trial court concluded that the legislature could provide for smaller divisions of the circuit for the purpose of electing judges from the smaller division, or alternatively provide that circuit judges be elected from the circuit at large. Accordingly, the trial court held that any geographical restriction on those eligible to run would have to coincide with those eligible to vote.

The trial court buttressed its conclusion that Public Act 85—866, as amended by Public Act 85—903, is un-

constitutional with article VI, section 11, which mandates that residency be related to the unit that selects the judge. Article VI, section 11, provides:

"No person shall be eligible to be a Judge or Associate Judge unless he is a United States citizen, a licensed attorney-at-law of this State, *and a resident of the unit which selects* him. No change in the boundaries of a unit shall affect the tenure in office of a Judge or Associate Judge incumbent at the time of such change." (Emphasis added.) (Ill. Const. 1970, art. VI, §11.)

The trial court concluded in its memorandum order that the Constitution does not allow the legislature to enact legislation providing for the election of a judge from a certain division of a circuit, and then place upon that individual the burden of running in the circuit at large. The State Board of Elections was thus enjoined from certifying to the county clerk of each of the counties of the sixth judicial circuit the names of all candidates for the judgeships in the sixth judicial circuit.

The Board asserts that the Illinois Constitution of 1970 is not a grant of power to the legislature but is a limitation upon its powers and therefore the question of the legality of the statute is whether it contravenes any constitutional limitation. Specifically, the Board notes that section 7(a) does not place any express limitation on the power of the General Assembly to subdivide circuits, or to require certain at-large circuit judges to be residents of a particular county. Further, the Board asserts that the trial court erred in resorting to the debates of the constitutional convention, because it claims the language of article VI, section 7(a), is clear and unambiguous. See *Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 464.

Similarly, the Board claims article VI, section 7(a), does not contain an implied limitation prohibiting the creation of an at-large judgeship linked to a particular

county of residence. In support of this assertion, the Board claims that the text of article VI, section 7(a), was subsequently changed by the Committee on Style, Drafting and Submission and, therefore, the trial court erred in resorting to the debates of the constitutional convention to find an implied restriction. The original language of article VI, section 7(a), provided in relevant part:

> "The General Assembly may provide for the division of a circuit for the purpose of *election* or selection *only*, and may also provide for the *election* or selection of circuit judges from the circuit at large." (Emphasis added.) (6 Proceedings 976.)

The Board argues that the effect of deletion of the terms *election* and *election only* from the final text of section 7(a) was to remove a potential limitation on the power of the General Assembly to create this "hybrid" judgeship. Finally, the Board claims that nothing in the explanation to the voters places any limitation on the powers of the General Assembly to create a "hybrid" judgeship. We do not agree.

We will first consider the Board's assertion that there is no need to resort to the rules of statutory construction because the language of article VI, section 7(a), of the Illinois Constitution is clear and unambiguous. This argument, however, fails to acknowledge that this statute is also governed by article VI, section 11, of the 1970 Illinois Constitution, on eligibility for office. We noted above that the trial court considered article VI, section 11, in construing article VI, section 7(a). Section 11 provides in relevant part:

> "No person shall be eligible to be a Judge or Associate Judge unless he is a United States citizen, a licensed attorney-at-law of this State, and *a resident of the unit which selects him.* ***" (Emphasis added.) Ill. Const. 1970, art. VI, §11.

In this case the language of article VI, section 11, applied to Public Act 85—866 could be interpreted as: the unit which selects the judge is the circuit, Champaign County is part of the circuit, and therefore the requirement that the candidate be a resident of Champaign County complies with section 11. Section 11, however, is equally, if not more, susceptible to the interpretation that any resident of the selection district, the sixth judicial circuit, is eligible for the judgeship created by Public Act 85—866 if that person is also a licensed attorney and citizen of the United States. Because section 7(a) and section 11 of article VI govern any statutes relating to the circuit courts, they must be read together in deciding the question before us, and because section 11 is arguably ambiguous and uncertain, the trial court was correct in resorting to the debates of the constitutional convention in construing the provision of article VI, section 7(a). See *Client Follow-Up Co. v. Hynes* (1979), 75 Ill. 2d 208, 220; *Board of Education v. Bakalis* (1973), 54 Ill. 2d 448, 461-62. See also *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 279.

Additionally, the plain meaning rule should not be applied to thwart the obvious intent of the drafters by excluding enlightening material. (See 2A A. Sutherland, Statutory Construction §48.01, at 278 (4th ed. 1984).) This case involves one of the rare instances where resorting to the debates of the convention reveals that the exact question presented for review in this court was asked and answered by the delegates to the convention. In our opinion the trial court was correct in holding that the Record of Proceedings of the Sixth Illinois Constitutional Convention indicates that article VI, section 7(a), should be read in the disjunctive. Delegate Lewis' questions and the responses thereto quoted above are of par-

ticular significance, and appear to answer the very question presented by this case.

While we note that it is unusual for this court to construe the use of the conjunctive "and" as the disjunctive "or" (*Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 465), there are times when it is necessary to effectuate the intent of the drafters. (See *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 588.) Given the explicit comments by the delegates, it is appropriate to construe the word "and" as an "or" in article VI, section 7(a), in order to more clearly state the proper meaning of the provision.

The Board asserts that the trial court erred in relying on comments by Delegates Fay and Whalen because, as noted above, the final text of article VI, section 7(a), was modified by the Committee on Style, Drafting and Submission. The Board attaches special significance to the deletion of the words *election only* and *election* from the draft of section 7(a). The Committee on Style, Drafting and Submission, however, was not a committee of the constitutional convention that dealt with substantive content. Rather, it was concerned with matters of style and form. (*Coalition for Political Honesty*, 65 Ill. 2d at 471.) To interpret the effect of the deletion of the terms *election* and *election only* from the final text of section 7(a) as removing a potential limitation on the power of the General Assembly to create a "hybrid" judgeship is to ignore the final decision of the constitutional convention to have the decision of whether judges should be elected or appointed go to the voters of Illinois as a separate proposition. (7 Proceedings 2761-63.) The words *election* and *election only* were deleted from section 7(a) because it would have been inconsistent if the voters had decided in favor of the appointment of judges, instead of their election. Thus, we perceive the deletion of these words as a stylistic change not affecting the substance of sec-

tion 7(a), and therefore, the comments of the delegates concerning this section as originally drafted are still relevant in construing this constitutional provision.

Finally, we note that the delegates were aware of cases prohibiting the legislature from imposing qualifications for constitutional officers in addition to those contained in the Constitution. (2 Proceedings 760; G. Braden & R. Cohn, The Illinois Constitution: An Annotated & Comparative Analysis 368 (1969).) This court has held that where the Constitution undertakes to prescribe qualifications for office, its declaration is conclusive of the whole matter. (*People ex rel. Nachman v. Carpentier* (1964), 30 Ill. 2d 475, 478, quoting *People ex rel. Hoyne v. McCormick* (1913), 261 Ill. 413, 423.) Additionally, the legislature is without authority to change or add to the qualifications unless the Constitution gives it the power. *Cusack v. Howlett* (1969), 44 Ill. 2d 233, 242-43.

Article VI, section 11, of the Illinois Constitution of 1970 provides that no person shall be eligible to be a judge unless he is a United States citizen, a licensed attorney-at-law of this State, and a resident of the unit which selects him. Because Public Act 85—866, as amended by Public Act 85—903, attempts to add the qualification that candidates for certain judgeships have to be residents of particular counties and nevertheless be elected from the circuit at large, under the construction we place on article VI, sections 7(a) and 11, it is unconstitutional. As noted above, there is an arguable ambiguity contained in article VI, section 11. However, it would seem logical that under section 11, if the unit that selects the judge is the circuit, then any person otherwise qualified who lives anywhere in the circuit is qualified. Similarly, if the unit that selects the judge is a county or a division of the circuit, then any otherwise qualified person who resides within the unit would be eligible for the judgeship. The legislature cannot require the additional

qualification that the candidate reside in a particular part of the unit which selects the judge. Furthermore, article VI, section 7(a), cannot be viewed as a grant of power to the legislature to add qualifications to article VI, section 11. That would be a strained construction and would lead to a result not contemplated by the delegates to the constitutional convention. As previously noted, the delegates to the constitutional convention specifically considered and rejected the idea that section 7(a) authorizes the legislature to create this hybrid variety judgeship.

For these reasons, the judgment of the circuit court of Champaign County is affirmed.

*Affirmed.*

MILLER and STAMOS, JJ., took no part in the consideration or decision of this case.