No. 3--09--1031

Filed January 14, 2010 Corrected Copy

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| DANIEL GOODMAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIS WARD, | ) | |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | |
| and WILL COUNTY OFFICERS | ) | No. 09--MR--1299 |
| ELECTORAL BOARD, NANCY SCHULTZ | ) | |
| VOOTS, PAMELA McGUIRE, and MARY | ) | |
| TATROE (as representative of | ) | |
| James W. Glasgow), each in her | ) | |
| capacity as a member of the | ) | |
| Will County Officers Electoral | ) | |
| Board, and COUNTY CLERK OF WILL | ) | |
| COUNTY (Nancy Schultz Voots), | ) | Honorable |
| | ) | James E. Garrison, |
| Respondents. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Daniel Goodman petitioned the Will County Officers Electoral Board (Board), objecting to listing Chris Ward as a candidate on the ballot in the primary for the office of Circuit Court Judge of the Twelfth Judicial Circuit, Fourth Subcircuit (subcircuit). The Board denied Goodman's petition. On review, the Will County circuit court reversed the Board's decision. We reverse the Board's decision and affirm the circuit court's ruling.

BACKGROUND

Ward acknowledged to the Board, to the circuit court, and to this court that he did not reside within the subcircuit on the date he petitioned the Board to be placed on the primary ballot. In Goodman's petition objecting to Ward's candidacy, he argued that Ward's failure to reside within the subcircuit was a violation of article VI, section 12, of the Illinois Constitution (Ill. Const. 1970, art. VI, §12) (section 12), and therefore Ward's name should not appear on the ballot. The Board denied Goodman's petition, and the circuit court reversed the Board's decision. Ward appealed.

Additionally, Ward moved this court to stay the circuit court's decision. We granted the stay.

ANALYSIS

As a preliminary matter, we note that in his notice of appeal Ward stated that he was appealing from the circuit court's ruling. However, the Illinois Supreme Court has said that an appellate court must review an electoral board's determination de novo. See Cinkus v. Village of Stickney Municipal Officers Electoral Board, 228 Ill. 2d 200, 886 N.E.2d 1011 (2008). Therefore, in this case, we review de novo the Board's ruling.

In pertinent part, section 12 says, "A person eligible for the office of Judge may cause his name to appear on the ballot as a candidate for Judge at the primary *** by submitting petitions." Ill. Const. 1970, art. VI, §12. Article VI, section 11, of the Illinois Constitution (section 11), states that, "[n]o

2

person shall be eligible to be a Judge or Associate Judge unless he is a United States citizen, a licensed attorney-at-law of this State, and a resident of the unit which selects him." Ill. Const. 1970, art. VI, §11.

Ward contends that section 12 did not require him to reside within the subcircuit on the date he submitted his nominating petitions to the Board. He asserts that he need not take up residency in the subcircuit at any time prior to the election. Goodman, however, argues that the residency requirement of section 12 bars Ward's name from being placed on the ballot. Although the parties' arguments focus on section 12, we observe that as a threshold matter, the definition of the term "eligible" in section 11 is dispositive of this issue.

The Illinois Supreme Court has instructed that an appellate court is to review an electoral board's factual findings under the manifest weight of the evidence standard, and questions of law under the de novo standard. Girot v. Keith, 212 Ill. 2d 372, 818 N.E.2d 1232 (2004). In this case, because the facts are not in dispute, we review de novo the question of law concerning construction of section 11. See Cinkus, 228 Ill. 2d 200, 886 N.E.2d 1011.

Generally, the rules of statutory construction apply to the construction of provisions of the Illinois Constitution. Coalition for Political Honesty v. State Board of Elections, 65 Ill. 2d 453, 359 N.E.2d 138 (1976). In interpreting a constitutional provision, the language used should be given its

3

plain and commonly understood meaning, unless it is clearly evident that a contrary meaning was intended. Coalition, 65 Ill. 2d 453, 359 N.E.2d 138.

Fortunately, we do not have to approach this issue in a vacuum because the Illinois Supreme Court has previously interpreted section 11. In Maddux v. Blagojevich, 233 Ill. 2d 508, 514-15, 911 N.E.2d 979, 984 n.3 (2009), the court stated, "Under section 11 of the judicial article, to be eligible to run for judicial office a person must be a citizen, an attorney, and a resident of the district in which the judicial seat is being sought." Thus, the court interpreted "a resident of the unit which selects him(,)" in section 11, to mean "a resident of the district in which the judicial seat is being sought." Maddux, 233 Ill. 2d at 514-15, 911 N.E.2d at 984 n.3.

We observe that section 11 concerns both judges and associate judges. Therefore, also helpful in determining the residency requirement for eligibility to be a judge is the February 1, 2007, amendment to Supreme Court Rule 39 (Official Reports Advance Sheet No. 4 (February 14, 2007), R. 39, eff. February 1, 2007). Rule 39 implements article VI, section 8, of the 1970 Constitution (Ill. Const. 1970, art. VI, §8), which directs the supreme court to provide by rule for the appointment of associate judges. The 2007 amendment to the rule substituted "Any attorney who seeks appointment to the office of associate judge must be a United States citizen, licensed to practice law in this state, and a resident of the unit from which he/she seeks

4

appointment" for "Any attorney licensed to practice law in this state who seeks appointment to the office of associate judge." Official Reports Advance Sheet No. 4 (February 14, 2007), R. 39, eff. February 1, 2007. Arguably, prior to this amendment, a licensed attorney-citizen in Illinois had to be or become a resident of a circuit on or before the effective date of appointment. The current Rule 39 makes it clear that is not the case. Notably, the 2007 amendment tracks the qualifications of section 11, but substitutes "a resident of the unit from which he/she seeks appointment" for "a resident of the unit which selects him." Official Reports Advance Sheet No. 4 (February 14, 2007), R. 39, eff. February 1, 2007; Ill. Const. 1970, art. VI, §11. In Thies v. State Board of Elections, 124 Ill. 2d 317, 325, 529 N.E.2d 565, 569 (1988), regarding a statute, our supreme court said, "the legislature is without authority to change or add to the qualifications [for a judgeship] unless the [Illinois] Constitution gives it the power." Certainly, just as the legislature is without such authority, the supreme court would not change or add to the qualifications for a judgeship, in a supreme court rule, unless the Illinois Constitution gave it the power.

Additionally, in Thies, our supreme court indicated that there might be an arguable ambiguity in section 11. See Thies, 124 Ill. 2d at 325, 529 N.E.2d at 569. However, the court went on to say:

"it would seem logical that under section 11, if the unit that selects the judge is the circuit, then any person otherwise qualified who lives anywhere in the circuit is qualified.  Similarly, if the unit that selects the judge is a county or a division of the circuit, then any otherwise qualified person who resides within the unit would be eligible for the judgeship."  Thies, 124 Ill. 2d at 325, 529 N.E.2d at 569.

Thus, our supreme court indicated in Thies that in order to be eligible to be a judge in a geographical unit that is smaller than a circuit, such as the subcircuit in this case, the judge must reside within the smaller geographical unit.

As a matter of Illinois constitutional history, the 1848 and 1870 Constitutions required geographic residency for a person to be eligible for judicial office.  The 1848 Constitution required that "[n]o person shall be eligible to the office of judge of any court of this state *** who shall not for two years next preceding his election have resided in the division, circuit or county in which he shall be elected[.]"  Ill. Const. 1848, art. V, §11.  The 1870 Constitution continued the 1848 requirements of geographic residency but without a minimum specified term.  See Ill. Const. 1870, art. VI.  Under the 1964 amendment to the judicial article of the 1870 Constitution, to be eligible for the office of judge, the person had to be "a resident of the judicial district, circuit, county or unit from which selected."  Ill. Const. 1870, art. VI (1964), §15.  George Braden and Rubin Cohn,

6

in their book prepared for the Illinois Constitution Study Commission in 1969, stated simply that the eligibility provisions in article VI, section 15, retained the "general current geographic residency requirements of prior Constitutions[.]" G. Braden & R. Cohn, The Illinois Constitution: An Annotated & Comparative Analysis 368 (1969). That history suggests that section 11 of the 1970 Constitution continues the same general current geographic residency requirements of past versions of the Illinois Constitution.

Finally, the record of the proceedings of the Illinois Constitutional Convention that adopted the 1970 Constitution stated that "12 million copies of the 'Official Text [of the 1970 Constitution] With Explanation' were printed in newspaper tabloid form by the Secretary of State. One copy was mailed to each registered voter in the State." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2667. The record of proceedings also gave the following commentary concerning section 11: "This revises Article VI, Section 15 of the 1870 Constitution. It extends the requirements of residence and attorney status to new Associate Judges, formerly known as magistrates." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2719. Therefore, the record of proceedings again shows the historical continuity of the residency requirement of section 11.

CONCLUSION

7

The Illinois Supreme Court has interpreted the residency requirements in section 11 for eligibility to be a judge in Illinois. In Thies, the court noted that where a judgeship concerns a portion of a circuit, residency was required in the that portion. In Maddux, the court observed that such residency was required in order to seek election for such a judgeship. The supreme court's interpretation of section 11 is consistent with Rule 39, and with the constitutional history of residency requirements for judgeships in Illinois. In this case, under the plain language of section 11 as interpreted by our supreme court in Thies and Maddux, Ward was required to be a resident of the subcircuit in order to seek election in the primary for a judgeship there. Therefore, we hold that the Board erred as a matter of law by ruling that Ward was not required to be a resident of the subcircuit for his name to be placed on the primary ballot. Consequently, we vacate our stay of the circuit court's order instanter, and therefore Ward's name should be removed from the official ballot as a candidate for the Fourth Subcircuit of the Twelfth Judicial Circuit for the Democratic Party at the primary election on February 2, 2010.

Will County circuit court judgment affirmed; Will County Officers Electoral Board judgment reversed.

LYTTON, J. concurring.

JUSTICE WRIGHT, dissenting:

The majority holds that Candidate Ward's failure to reside within the Fourth Subcircuit at the time he filed his nomination

petitions did not comply with the provisions of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI), and therefore Ward's name should be removed from the ballot.  I respectfully dissent.

It is undisputed that Candidate Ward resides in Will County but that his residence was not located in the Fourth Subcircuit at the time he filed the required nomination petitions pursuant to section 12.[1]  Further, the parties agree that Candidate Ward did not misrepresent the location of his residence.

For purposes of this dissent, it is important to understand my view of the precise issue raised in this appeal.  Here, we are called upon to decide whether, in the absence of a statute, the Illinois Constitution *itself* requires a person to contemporaneously reside in a certain location at the time the candidate files his or her nomination petitions.

We are not called upon to consider whether a statute or some other directive *could* require subcircuit residency that contemporaneously exists at the time a person seeks to place their name on a ballot for judicial office, in a primary election, by filing petitions as required by section 12. Our lawmakers have not enacted such a statute and thus a constitutional analysis of that issue is not at hand.  Similarly, it should be emphasized that we are not called upon to decide whether the successful judicial candidate in a primary election or the successful candidate in the general election must have been a resident of the selection district at the time of the election.  Again, that

---

[1]For the sake of clarity, all references to section 12 refer to section 12 of article VI of the 1970 Illinois Constitution.

issue regarding residency in a subcircuit at the time of the primary or general election is not ripe for our review in this case.

Since the phrase "eligible for judicial office" appears in section 12 and the same phrase is included in the caption selected by the drafters for section 11,[2] I begin by construing those provisions together. The language of section 11 discusses residency without a specific reference to the time the residency must exist. Consequently, Section 11 does not expressly answer the question whether residency in the selection district must be established at the time petitions are filed. Moreover, the language of section 12 allows a person "eligible for the office of judge" to place his or her name on a ballot without specific reference to all three requirements listed in section 11 and without direct reference to section 11 itself.

Here, the circuit court's written order found both sections 11 and 12 "are NOT ambiguous" (emphasis in the original). I respectfully disagree and conclude, when construed together, the language of section 11 and section 12 can be subject to multiple logical constructions based on the language of the Illinois Constitution alone and based on the decisions of our supreme court.

Turning to the language incorporated into the Constitution, the term "unit" seems to have a specific meaning as provided by the drafter's of the 1970 Constitution in section 7 of article VI. The term "unit" identifies two distinct geographical areas of Cook County which would separately select judges at large. See Ill. Const. 1970, art. VI, §7. In my view, other than a resident Cook County judge, other judicial candidates seeking election in Cook County were required by the

---

[2]Again, for the sake of clarity, all references to section 11 refer to section11 of article VI of the 1970 Illinois Constitution.

Constitution to reside in smaller geographical units and the voters in the smaller units would then select those candidates at large from the designated unit.

Pursuant to section 7, the First Judicial Circuit was the only circuit that contained smaller geographical residency "units" for the purpose of at-large judicial elections. Similarly, pursuant to the Constitution, the resident circuit judge from each county would be elected by the voters from within the boundaries of the county itself. I suggest the Constitution did not require residency in a unit smaller than the boundaries of a county for any judicial circuit other than the First Judicial Circuit. To require residency in an area smaller than a single county in this case, perhaps would be contrary to the decision in *Thies*. See *Thies v. State Board of Elections*, 124 Ill. 2d 317, 325 (1988).

Next, I suggest that the members of our supreme court have also recognized section 11 is "arguably ambiguous." See *Thies,* 124 Ill. 2d at 323. In *Thies*, when construing the constitutionality of Public Act 85--866, as amended by Public Act 85--903, our supreme court contemplated separate examples where residency would be dictated by the boundaries of either entire judicial circuits or smaller subcircuits. However, based on my interpretation of the majority's opinion, the majority in *Theis* did not provide a definitive view of the term "unit," as used in article VI, section 11, because it was not outcome-determinative in that case which dealt with the interpretation of article VI, section 7(a). *Thies,* 124 Ill. 2d at 323.

Thus, I am not at all certain of the proper definition of the term "unit." If our supreme court later defines "unit" to be a singular county or the full circuit, Candidate Ward could be considered compliant since the parties agree he has resided in Will County at all times relevant to this appeal. While my confusion regarding the definition of "unit" prevails, I can state with

11

certainty that our supreme court did not decide when residency in the "unit," circuit, subcircuit, or elective district should occur relative to the filing of petitions in their decision in *Theis,* or later in *Maddux v. Blagojevich*, 233 Ill. 2d 508 (2009).

Consequently, I embrace our supreme court's general observation, as expressed in *Theis*, that section 11 is arguably ambiguous. I observe the ambiguity applies to both the definition of unit and the timing of residency for purposes of placing a person's name on the ballot to begin the nomination process. In light of this ambiguity, I feel compelled to interpret both sections 11 and 12 together in a fashion that recognizes the importance our democracy places on liberal ballot access. In this view, every arguable doubt should be resolved in favor of eligibility, whether we are construing statutes or the constitution. See *Livingston v. Ogilvie*, 43 Ill. 2d 9 (1969); *Velazquez v. Soliz*, 141 Ill. App. 3d 1024 (1986).

The majority points to Supreme Court Rule 39 (210 Ill. 2d R. 39) to support the argument that our supreme court has construed section 11 to require established residency in a certain area before a person can seek appointment as an Associate Judge. However, in reality, associate judges never place their names on a ballot in a primary election with nomination petitions. Similarly, candidates for associate judge never *seek* selection from a unit of circuit judges that is smaller than the entire circuit. See 210 Ill. 2d R. 39. Consequently, the analogy based on Supreme Court Rule 39, which is central to the majority's analysis, does not seem applicable in my view. I respectfully disagree that Supreme Court Rule 39 contains an express directive from our supreme court on the timing of subcircuit residency for the purpose of placing a candidate's name on a ballot in a primary election.

12

Employing the rules of construction to favor ballot access and absent specific direction from our supreme court on the timing of residency related to the time petitions are filed, I assert the Illinois constitution does *not* clearly impose a current subcircuit residency requirement in order for Candidate Ward's name to appear on the primary ballot. Further, I am not persuaded that the history of the Illinois Constitution provides insight into whether residency must be established by a judicial candidate before the date of the primary election since residency requirements have gradually eroded over the course of history.

Consequently, I conclude that our state Constitution does not require current residency in a specific selective unit, smaller than a county, in order to place a candidate's name on a ballot in a primary election.[3] This construction promotes ballot access and allows the primary voters in the subcircuit to accept or reject Candidate Ward after first considering his qualifications and unique characteristics, including the location of his residence. Moreover, I do not express any opinion regarding whether residency requirements may be imposed by future legislative enactment for the purpose of the nomination and the subsequent election of persons to hold judicial office in the future.

Therefore, I thoughtfully and most respectfully disagree with the majority in this case. Accordingly, I would affirm the decision of the electoral board denying Mr. Goodman's challenge to Candidate Ward's candidacy because residency in the subcircuit was not clearly required at the time Ward submitted his petitions for the primary election.

---

[3]Once selected to be a judge after the general election, a statute imposes subcircuit residency requirements throughout the judge's term. 705 ILCS 35/2f--4(d) (West 2008). We note that the constitutionality of this statute is not before us.